IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
APR 1 8 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA,     )
          )
          )
v.          )     CRIMINAL ACTION NO. 1:06cr429
          )
          )
KINGDAWUD BURGESS,     )
          )
    Defendant.     )

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Kingdawud Burgess's Motions for

Modification of Sentence filed on February 2, 2012, and March 23, 2012. (Dkt Nos. 77 & 79.)

Defendant requests a modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §

1B1.10. The government filed a responsive brief opposing Mr. Burgess's motion on March 14,

2012. (Dkt. No. 78.) The Court will treat the "motion" filed by Burgess on March 23, 2012, in

response to the government's brief as a reply. The issue before the Court is whether the 200-

month sentence of imprisonment imposed in Burgess's case was "based on" an offense level

applicable to the quantity of crack cocaine involved in Burgess's offense as determined by the

Drug Quantity Table ("Crack Guidelines") in effect at the time of his sentencing. *See* U.S.S.G. §

2D1.1(c) (2006). The Court finds that Burgess's sentence was not based on the Crack Guidelines

but, rather, was based on the Career Offender Table in § 4B1.1(b) of the Sentencing Guidelines.

For this reason, Burgess is not eligible for a reduction of sentence pursuant to 18 U.S.C. §

3582(c)(2).

## I.   BACKGROUND

On October 11, 2006, Mr. Burgess entered a plea of guilty for possession with intent to distribute 50 grams or more of cocaine base, a Class A felony under 21 U.S.C. § 841(a)(1) that carries a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (2006). On two separate occasions in the summer of 2006, Burgess sold quantities of crack cocaine to undercover police sources—approximately 52.2 grams on June 22 and 28 grams on August 7. Law enforcement agents executed a search warrant on Burgess's home on August 16, 2006. Agents found Burgess in an upstairs bathroom attempting to flush crack cocaine down the toilet. The amount of crack collected from the toilet after Burgess was seized weighed approximately 178 grams. Burgess admitted these facts in connection with his plea agreement.

Burgess, 27 years old at the time of his offense in 2006, had two prior controlled substance convictions as an adult, from 1997 and 2000. In 1997, Burgess was arrested for selling approximately 1.5 grams of crack to an undercover officer and convicted of distribution of cocaine in the Circuit Court of Arlington County, Virginia. Burgess was sentenced to a suspended five-year term of imprisonment, placed on probation, and required to complete the Boot Camp Incarceration Program, which Burgess completed in March 1998. One year later, Burgess was arrested for possessing cocaine with the intent to distribute within 1,000 feet of a high school in the District of Columbia. In 2000, he was convicted of distribution of cocaine in the Superior Court of the District of Columbia and was sentenced to one to three years imprisonment. Burgess was released in 2004.

Based on Burgess's prior convictions and sentences, the Presentence Report ("PSR") completed in this case recommended career offender designation, Offense Level 37 and Criminal History Category VI pursuant to the career offender provision in § 4B1.1 of the United States

Sentencing Guidelines, and a three-level reduction of Offense Level for acceptance of responsibility. In his brief setting forth his position on sentencing, Burgess requested a downward departure with respect to his Criminal History Category, arguing that Category VI overstated his criminal history. At the sentencing hearing on January 26, 2007, the Court agreed and horizontally departed to Criminal History Category III but retained Offense Level 34 and Burgess' designation as a career offender. The Court determined that the applicable guideline range was 188 to 235 months and sentenced Burgess to 200 months imprisonment.

Burgess has filed several post-sentencing motions, some seeking reductions in sentence based on retroactive application of amended sentencing guidelines applicable to offenses involving crack cocaine contained in § 2D1.10 of the Sentencing Guidelines ("Crack Guidelines"). These motions have been denied upon the Court's finding that Burgess's sentence was not based on § 2D1.10. On February 2, 2012, Burgess filed another motion requesting a sentence reduction based on the amended Crack Guidelines. The government responded in opposition to the motion on March 14, 2012, to which Burgess replied on March 23, 2012. Burgess's Motion for Modification of Sentence is now before the Court.

## II.   DISCUSSION

The Court denies Burgess's Motion for Modification of Sentence for the same reason the Court denied Burgess's prior motions for sentence reduction based on amendments to the Crack Guidelines. The amendments are inapplicable to Burgess because the guideline range applied in his case was not based on the Crack Guidelines contained in § 2D1.10. Burgess's sentence was based on the provision for offense levels assigned to career offenders in § 4B1.1(b), the provision for downward departures for overrepresentation of criminal history in § 4A1.3(b)(1),

the criminal history calculation provision in § 4A1.1, and the provision for offense level

reductions for acceptance of responsibility in § 3E1.1. For this reason, Burgess is not eligible for

a modification of sentence by retroactive application of the amended Crack Guidelines, and his

motion must be denied.

## A. Mr. Burgess's Sentence Was Based on the Career Offender Provision

In determining the appropriate sentence of imprisonment in this case, this Court properly

deemed Burgess a career offender and applied the Career Offender Table contained in §

4B1.1(b) of the Sentencing Guidelines. Under U.S.S.G. § 4B1.1, a criminal defendant is a career

offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.1(b) provides a table assigning offense levels for career offenders based on the

statutory maximum sentence applicable to the instant offense of conviction and prescribes

Criminal History Category VI. The subsection also provides that the offense level in a particular

case may be decreased by the number of levels corresponding to an adjustment for acceptance of

responsibility under § 3E1.1 of the Sentencing Guidelines. Additionally, § 4A1.3(b)(1) permits

downward departures in cases where "reliable information indicates that the defendant's criminal

history category substantially over-represents the seriousness of the defendant's criminal

history[.]"

Burgess's sentence was based on an offense level determined by the Career Offender

Table in § 4B1.1(b) as adjusted for acceptance of responsibility under § 3E1.1. At the time of his

offense, Burgess was 27 years old and had two prior controlled substance convictions as an

4

adult. Thus, the PSR recommended that Burgess be designated a career offender and assigned Criminal History Category VI. *See* U.S.S.G. § 4B1.1(b) (2006). Burgess was assigned Offense Level 37 as a career offender convicted for a drug felony carrying a statutory maximum term of life imprisonment. *See id.* After applying a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3.E1.1, the PSR recommended Offense Level 34 and a guideline range of 262 to 327 months, based on Criminal History Category VI. *See* U.S.S.G. Ch. 5, Pt. A ("Sentencing Table") (2006). In his Position on Sentencing, Burgess requested a downward horizontal departure for overrepresentation of criminal history pursuant to U.S.S.G. § 4A1.3(b)(1). Burgess noted that his prior drug convictions were for sales involving "very small quantities and street-level transactions" and occurred when he was only 18 and 20 years old. Def.'s Position on Sentencing at 5.

At Burgess's sentencing hearing on January 26, 2007, the Court adopted the PSR's recommended Offense Level 34 and determination that Burgess was a career offender but granted Burgess's request for a downward departure. Sentencing Hr'g Tr. 29-35, Jan. 27, 2007. The Court determined that Criminal History Category VI substantially overrepresented the seriousness Burgess's criminal history and departed horizontally to Category III. Tr. 35. With Offense Level 34 and Criminal History Category III, the Sentencing Table prescribed a guideline range of 188 to 235 months of imprisonment. *Id.*; *see also* Sentencing Table. The Court ultimately sentenced Burgess to 200 months, well within the applicable guideline range.

**B. Burgess Is Not Eligible for Modification of Sentence**

Mr. Burgess is not eligible for a sentence reduction pursuant to amendments to the Crack Guidelines because his sentence was not based on the Crack Guidelines and the Court lacks jurisdiction to modify sentenced terms of imprisonment. Under 18 U.S.C. § 3582(c), a federal

court generally lacks authority to "modify a term of imprisonment once it has been imposed."

However, subsection (c)(2) permits a court to reduce "a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon

motion of the defendant . . . if such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." The applicable policy statement, contained in § 1B1.10

of the Sentencing Guidelines, provides that "[a] reduction in the defendant's term of

imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in

subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

U.S.S.G. § 1B1.10(a)(2)(B) (2011); *see also* § 1B1.10(c). The Sentencing Commission has

reduced the base offense levels applicable to offenses involving various quantities of crack as

listed in the Drug Quantity Table contained in § 2D1.1(c). These amendments, including

Amendments 706 and Part A of Amendment 750, are listed in § 1B1.10(c) and are therefore

retroactive and may serve as grounds for a reduction of sentence in appropriate cases. *See*

U.S.S.G. Appx. C, Amends. 706 & 750 (2011). However, "a defendant is ineligible for a reduced

sentence if 'the amendment does not have the effect of lowering the defendant's applicable

guideline range because of the operation of another guideline or statutory provision.'" *U.S. v.*

*Munn*, 595 F.3d 183, 187 (4th Cir. 2010) (quoting U.S.S.G. § 1B1.10 cmt. n.1 (2008)).

    The retroactive amendment does not apply to Mr. Burgess's case because his sentence

was not "based on" the Drug Quantity Table in place at the time of his sentencing. As discussed

above, the guideline range of 188 to 235 months applied in Burgess's case was based on

Criminal History Category III, as determined by the Court's horizontal departure from Category

VI, and Offense Level 34, as determined by Burgess's career offender status and adjusted for

acceptance of responsibility. Thus, the retroactive amendment to the Crack Guidelines does not

have the effect of lowering Burgess's sentence of imprisonment. *See U.S. v. Munn*, 595 F.3d at 187 (defendant whose offense of conviction involved crack is eligible for reduced sentence only if amendment to crack guidelines lowers defendant's applicable guideline range).

Burgess's argument that the 188- to 235-month guideline range was based on the Drug Quantity Table in effect at the time of his sentencing is mistaken. The total quantity of crack involved in Burgess' offense was 258.2 grams, which, under the Drug Quantity Table in § 2D1.1(c) of the 2006 Sentencing Guidelines, would prescribe Offense Level 34. As noted above, the PSR recommended a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, which would have brought Burgess's offense level down to 31. The guideline range applicable to offense level 31 and Criminal History Category III is 135 to 168 months— not the 188- to 235-month guideline range applied to Burgess. Burgess's offense level was independently determined by the table applicable to career offenders provided in § 4B1.1(b) without any reference to the Drug Quantity Table in § 2D1.1(c). Thus, Burgess's sentence was not "based on" a sentencing range applicable to crack cocaine offenses or any other sentencing range that has been lowered by the Sentencing Commission through a retroactive amendment. For this reason, Burgess is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

**C. Burgess Is Not Eligible for Sentence Reduction under *United States v. Munn***

Mr. Burgess's reliance on the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), is unavailing.

Like Burgess's case, *Munn* involved a defendant who pleaded guilty to a 21 U.S.C. § 841(a)(1) offense involving crack cocaine and whose PSR recommended career offender designation. 595 F.3d at 184. The sentencing court in *Munn* determined, like this Court in

Burgess's case, that the defendant's criminal history was overstated and that an overrepresentation departure was warranted. *Id.* at 185. The court applied an overrepresentation departure of 60 months without offering further explanation of the basis for the extent of this departure and ultimately imposed a 151-month sentence of imprisonment. *Id.* After the Sentencing Commission promulgated Amendment 706, a retroactive two-level reduction in the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table, Munn filed a post-sentencing motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the sentencing court. *Id.* at 186. The court determined that it lacked the authority to reduce Munn's sentence and denied the motion because the amendment to the guidelines did not affect Munn's career offender status and did not lower the applicable guideline range. *Id.*

On appeal, the Fourth Circuit addressed the question of "[w]hether § 3582(c)(2) authorizes a district court to grant a motion for a reduced sentence when the sentencing court designated the defendant a career offender but then found that the career offender designation overrepresents his criminal history." 595 F.3d at 187-88. The Fourth Circuit concluded that "a defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on Amendment 706 if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) *the court relied on the Crack Guidelines in calculating the extent of the departure.*" *Id.* at 192 (emphasis added). Other circuit courts have come to the similar conclusions. *See, e.g., U.S. v. McGhee,* 553 F.3d 225, 230 (2d Cir. 2009) ("[A] defendant who was designated a career offender but ultimately *explicitly sentenced based on a Guidelines range calculated by Section 2D1.1* of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments.") (emphasis added); *U.S. v. Flemming,* 617 F.3d 252, 259 (3rd Cir. 2010) ("a career offender who is granted a downward departure under § 4A1.3

to the Crack Cocaine Guidelines range is eligible for a sentence reduction under § 3582(c)(2)" but "a defendant sentenced *within* the Career Offender Guidelines would not be eligible for a sentence reduction") (emphasis in original); *U.S. v. Cardosa*, 606 F.3d 16, 21 (1st Cir. 2010) ("[W]here the defendant's existing sentence was ultimately *determined* by the old crack cocaine guidelines rather than by the career offender guideline, resentencing is within the discretion of the district court.") (emphasis in original).

In *Munn*, the fact that the sentencing court's "60-month Overrepresentation Departure resulted in a sentence that . . . fell squarely within Munn's otherwise-applicable Crack Guideline range" provided "a strong indication that the sentencing court relied on the Crack Guidelines in calculating Munn's final sentence[.]" *Munn*, 595 F.3d at 195. "[T]he only logical explanation for the extent of the court's Overrepresentation Departure [was] that the departure was correlated to the Crack Guidelines." *Id.* Because, the Fourth Circuit concluded, the sentencing court ultimately relied on the § 2D1.1(c) Drug Quantity Table as applied to offenses involving crack in determining Munn's sentence, rather than the § 4B1.1(b) Career Offender Table, the district court had the authority under § 3582(c)(2) to consider Munn's motion for a reduced sentence. *Id.*

Thus, the Fourth Circuit's holding did not overturn the general rule that "a district court lacks the authority to grant a motion for a reduced sentence under [amendments to the Crack Guidelines] if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision [U.S.S.G. § 4B1.1]." *Id.* at 187. *See also U.S. v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) ("Amendment 706 . . . does not have the effect of lowering [defendants'] applicable guideline ranges because of the application of the career offender guideline."); *U.S. v. Poindexter*, 550 F. Supp. 2d 578, 580 (E.D. Pa. 2008) ("Where a defendant was sentenced directly under the career offender guideline, the drug quantity table does not figure into the

guideline range calculus and so a modification of that table cannot have the effect of lowering the defendant's sentence.").

What sets Burgess's case apart from *Munn* is that the extent of the overrepresentation departure applied by this Court is explained without reference to the Crack Guidelines. The Court determined that Criminal History Category VI overrepresented Burgess's criminal history and decided to depart horizontally from that category pursuant to § 4A1.3(b)(1) of the Sentencing Guidelines. To determine what criminal history category would be appropriate in Burgess's case, the Court consulted § 4A1.1, which directed the Court to apply three points for each prior adult sentence of imprisonment exceeding one year and one month imposed within 15 years of the defendant's commencement of the instant offense. The Court applied three points for each of Burgess's two prior adult sentences for controlled substance offenses, which exceeded one year and one month. The sum of Burgess's Criminal History Points was six, which corresponded to Criminal History Category III on the Sentencing Table. Thus, the extent of the overrepresentation departure applied in Burgess's case was based on § 4A1.1, without reference to the Crack Guidelines contained in § 2D1.1(c).

Further, at the sentencing hearing, the Court was clear that Burgess's sentence was based on his career offender designation. Tr. 31. Burgess's offense level remained at 34, as determined by the career offender provision in U.S.S.G. § 4B1.1(b) and adjusted three levels down for acceptance of responsibility. The applicable guideline range was determined to be 188 to 235 by Offense Level 34 and Criminal History Category III. The § 2D1.1(c) Crack Guidelines played absolutely no role in determining the guideline range applied to Burgess's case.

## III. CONCLUSION

The Court holds that Defendant Kingdawud Burgess is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the amended Crack Guidelines because his departure sentence of imprisonment was not based on the Crack Guidelines in effect at the time of his sentencing. Mr. Burgess fails to cite any applicable authority that grants this Court the jurisdiction to reduce his sentence. For this reason, it is hereby

ORDERED that Defendant's Motions for Modification of Sentence are DENIED.

The Clerk is directed to forward a copy of this Order to Defendant and to counsel of record.

ENTERED this /8th day of April, 2012.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
4 // / 12